12 CV 2172

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
CIVIL DIVISION

| | |
|---|---|
| WINGSPAN RECORDS, INC.<br>753 Main Street #3<br>Danville, VA 24541<br>      *Plaintiff,*<br>v.<br><br>BMG RIGHTS MANAGEMENT (US),<br>LLC d/b/a BMG CHRYSALIS<br>6 East 32nd Street, 11th Floor<br>New York, New York 10016<br><br>KING STREET MEDIA (MUSIC PUB-<br>LISHING) 2, LLC<br>    (formerly<br>DESTON SONGS, LLC d/b/a<br>    DESMONE MUSIC (ASCAP))<br>c/o Joel Weinstein, Esq.<br>1790, 10th Floor, Broadway<br>New York, New York 10019<br><br>HYCKRYCK PUBLISHING, INC.<br>135 Circular Road, Maraval<br>Port of Spain, Trinidad<br>West Indies,<br>      *Defendants.* | Case No. _____ |



## COMPLAINT

Plaintiff, by and through its undersigned counsel, Lita T. Rosario, Esq., complaining of the Defendants, alleges:

    1.    This action by Plaintiff, as more fully set forth herein, is for: (i) breach of contract against Defendants King Street and BMG Rights; (ii) termination of the administration provisions of the Settlement Agreement due such breaches; (iii) a declaratory judgment against Defendant Hyckryck that the Collection Agreement dated

1

March 8, 2002, as amended, is valid and enforceable in accordance with its terms; and (vi) indemnification against Defendant King Street, and its successors, for legal cost and fees.

## JURISDICTION & VENUE

2. Because the amount in controversy exceeds the sum of $75,000.00, exclusive of interests and costs, and this action is between citizens of different states, this court has subject matter jurisdiction pursuant to 28 U.S.C. §1332(a). This court has subject matter jurisdiction over the claims that arise under the laws of the State of New York pursuant to the doctrine of supplemental jurisdiction, 28 U.S.C. §1367(a).

3. By the Settlement Agreement dated the 26th day of January 2006, by and between Wingspan Records, Inc., Scott Brooks, Charles Fulp, Osbert "Ossie" Gurley, Hyckryck Music Publishing, Inc., Rodriguez Amar, Robert Amar, Anslem Douglas, and Deston Songs, LLC (executed as King Street Media (Music Publishing) 2, LLC) (herein the "Settlement Agreement") the parties hereto have consented to jurisdiction and venue in the State of New York.

## PARTIES & RELEVANT ACTORS

4. Plaintiff, Wingspan Records, Inc., is a corporation organized and existing under the laws of the Commonwealth of Virginia (herein "Plaintiff") and is a music publishing company.

5. Defendant BMG Rights Management, (US) LLC (herein "Defendant BMG Rights") is a corporation organized and existing under the laws of the State of New York.

6. Defendant King Street Media (Music Publishing), 2, LLC is a limited

liability company organized under the laws of the State of [Delaware] (herein "King Street").

7. Defendant Hyckryck Publishing, Inc. is a corporation organized and existing under the laws of the State of New York ("Defendant Hyckryck").

## FACTS COMMON TO ALL CLAIMS

8. Plaintiff and Defendant King Street along with others entered into a Settlement Agreement to resolve an ownership and authorship dispute regarding the musical composition entitled *"Who Let The Dogs Out"* (herein the "Composition").

9. The Settlement Agreement resolved three related actions in different jurisdictions as follows: (i) Ontario Superior Court of Justice, in Ontario Canada **captioned** *Leroy Williams and Patrick Stephenson, Plaintiffs v. Anslem Douglas and Ossie Gurley Defendants; and Between Anslem Douglas, Plaintiff to the Counterclaim and Leroy Williams, Patrick Stephenson and Wingspan Records, Inc., Defendants by Counterclaim; Between Wingspan Records, inc. Hyckryck Publishing, Inc., Robert Amar, and Rodriguez Amar, Plaintiffs by Counterclaim, and Anslem Douglas and Deston Songs, LLC, Defendants by Counterclaim* Court File No.:00-CV-1999535 CM and a third party action in Ontario Superior Court of Justice, Canada **captioned** Between *Leroy Williams and Patrick Stephenson, Plaintiffs v. Anslem Douglas and Ossie Gurley Defendants, Deston Songs, LLC and Wingspan Records, Inc. Third Parties and Between Deston Songs, LLC Plaintiff by Counterclaim, and Ossie Gurley Defendant by Counter Claim* Court File No.:00-CV-199535; (ii) United States District Court for the Southern District of New York **captioned** *Deston Songs, LLC v. Wingspan Records, Inc. Fulbrook Music Publishing, Charles Fulp, Scott Brooks and Ossie Gurley* Case No.: 00-cv-8854; and (iii)

United States District Court for the Western District of Virginia *captioned* *Wingspan Records, Inc. v. Sony/ATV Music Publishing, LLC, et al*, Case No.:00-cv-00067.

10. On the eve of execution of the Settlement Agreement, Deston Songs, LLC by its counsel, Joel Weinstein, Esq., informed Plaintiff and the other parties to the Settlement Agreement that it had merged into another company Defendant King Street Media (Music Publishing) 2, LLC.

11. As a consequence, Deston's signature line on the Settlement Agreement reads "Deston Songs, LLC (BMI) d/b/a Desmone Music (ASCAP) *now known as 'King Street Media (Music Publishing) 2, LLC.*'"

12. Paragraph 1 of the Settlement Agreement provides *inter alia* that Wingspan, Hyckryck and Gurley collectively own a 25% copyright interest in the Composition.

13. Paragraph 1 of the Settlement Agreement further provides that Wingspan owns 12.5% of the Composition, and Hyckryck and Gurley, respectively, each own an additional 6.25% of the Composition (each a "Representative Interest").

## THE INITIAL AUDIT

14. Paragraph 2(B) of the Settlement Agreement provided that Defendant King Street would provide Plaintiff with a "Schedule of Revenues" to show all gross earnings from the Composition from its initial commercial release in 2000 to June 30, 2005.

15. Paragraph 4 of the Settlement Agreement provides, in relevant part, that Plaintiff on behalf of itself, Hyckryck and Gurley, would be entitled to an Initial Audit, as defined in the Settlement Agreement, based upon the "Schedule of Revenues," as defined

4

in the Settlement Agreement, as follows:

> "The parties agree that within three (3) months of the execution hereof a certified public accountant experienced in music publishing audits acting as an auditor on behalf of and at the sole initial cost of Wingspan, Hyckryck and Gurley, and chosen by Wingspan and Deston, in consultation with Hyckryck and Gurley, and will [sic] conduct a full audit and examine the books and records of Douglas, Deston, and Deston's administrators (including Sony ATV) and Warner Chappell including income received by their subsidiaries, affiliates, sub-publishers and co-publishers) to determine the total Gross Receipts, as defined below, earned by the Composition and received throughout the Territory for the period from the initial commercial release of the Composition to and including June 30, 2005 (herein the "'Initial Audit")."

16. On or about March 1, 2006, Plaintiff gave Defendant King Street notice as provided in Paragraph 12, entitled "Notices," of the Settlement Agreement, i.e., c/o Joel Weinstein, Esq., Epstein, Levinsohn, Bodine, Hurwitz & Weinstein, LLP, 1790, 10th Floor, Broadway, New York, New York 10019, (herein "Weinstein") to provide the Schedule of Revenues so as to allow Plaintiff to commence the Initial Audit in accordance with Paragraph 4 of the Settlement Agreement.

18. Defendant King Street ignored Plaintiff's request for the Schedule of Revenues.

19. Defendant King Street likewise refused to cooperate with Plaintiff, in choosing an auditor and commencing the audit.

20. On or about June 15, 2006, Plaintiff was referred by Weinstein to another lawyer, whom Weinstein indicated now represented Defendant King Street, Seth Lichenstein, Esq. of Goldring, Hertz, Lichenstein & Haft, L.L.P. in Beverly Hills California (herein "Lichenstein").

21. Plaintiff sent King Street another notice pursuant to Paragraph 12 of the Settlement Agreement, c/o Lichenstein, again requesting the Initial Audit.

22. Defendant King Street again ignored Plaintiffs requests for the Schedule

of Revenues and the Initial Audit.

23. By letter dated November 21, 2006, Defendant King Street finally provided Plaintiff with a Schedule of Revenues.

24. Defendant King Street has never allowed Plaintiff to conduct the Initial Audit.

25. The Initial Audit was intended to allow Plaintiff to determine if the initial settlement payment of $1,500,000.00 (the "Initial Payment") was an overestimate of twenty-five percent (25%) the Composition's earnings or an understatement of twenty-five percent (25%) of the Composition's earnings, from the date of its initial commercial release in 2000 to the date of the Settlement Agreement, i.e., January 26, 2006.

26. There were different remedies set forth if the Initial Payment was an over-estimate, or an under-estimate of the actually earnings of the Composition in accordance with the calculations as set forth in the Settlement Agreement.

## SECOND AUDIT ATTEMPT

27. Based upon information and belief, sometime after January 26, 2006, King Street Media transferred its copyright interest in the Composition (which included, Plaintiff's, Gurley's and Hyckryck's administration rights in their collective 25% Representative Interest in the Composition pursuant to the Settlement Agreement) to Crosstown Songs.

28. Based upon information and belief, thereafter on or about August 4, 2008, Crosstown Songs then entered into an agreement with Kobalt Music Services Ltd. as the new administrator for the Composition.

29. Based upon information and belief, sometime thereafter Crosstown Songs

then sold or otherwise transferred its interest in the Composition to Defendant BMG Rights, including Plaintiff's administration Rights.

30. Defendant BMG began accounting to Plaintiff in 2010.

31. On or about October 1, 2010, Plaintiff again attempted to conduct an audit and sent an applicable notice of audit to Defendant BMG, pursuant to Paragraph 12 of the Settlement Agreement (the "2010 Audit").

32. Defendant BMG Rights has failed or refused to provide the documents necessary for the audit to be completed.

33. On or about September 8, 2011, Plaintiff a sent notice of breach to BMG Rights in connection with the breaches of the administration provisions of the Settlement Agreement for failure to allow the 2010 audit.

## THE HYCKRYCK AND GURLEY AGREEMENTS

34. Plaintiff entered into a co-publishing agreement with Ossie Gurley dated as of July 1, 2005 (herein the "Wingspan/Gurley Agreement") that governs Wingspan's rights in connection with Gurley's rights in the Composition, including Plaintiff's recoupment rights and administration fee.

35. Plaintiff has likewise entered into a Collection Agreement with Hyckryck Music Publishing, Inc. dated as of March 8, 2002, as amended (herein the "Wingspan/Hyckryck Agreement") that governs Wingspan's rights in connection with Hyckryck's rights in the Composition, including Plaintiff's recoupment rights and its administration fee.

36. Paragraph 3(B) of the Settlement Agreement provides Plaintiff shall direct "the Administrator to pay Gurley all amounts due Gurley under the Wingspan/Gurley

Agreements on a going forward basis."

37. Paragraph 6(C) of the Settlement Agreement likewise provides that "Notwithstanding anything herein to the contrary, the Administrator shall to pay and account separately and directly to each of Wingspan, Hyckryck and Gurley based upon their Representative Interests (in accordance with the Wingspan/Hyckryck Agreement and Wingspan/Gurley Agreement) with respect to all amounts due Wingspan, Hyckryck and Gurley as calculated hereunder."

38. Plaintiff has so directed Defendant BMG Rights, as the Administrator, as defined under the Settlement Agreement, to pay Gurley 25% of the Participation, as defined under the Settlement Agreement *less* a ten percent (10%) administration fee that is payable to Plaintiff pursuant to the Wingspan/Gurley Agreement.

39. Defendant has refused to pay Plaintiff such 10% in connection with Gurley's Representative Interest of the Composition, pursuant to the Wingspan/Gurley Agreement.

40. Plaintiff has even provided Defendant BMG Rights with a letter of direction signed by Gurley authorizing the payment of the applicable 10% administration fee and Defendant BMG Rights continues to refuse to pay such amount to Plaintiff, in breach of the administration provisions of the Settlement Agreement.

41. Plaintiff has so directed Defendant BMG Rights, as the Administrator, as defined under the Settlement Agreement, to pay Hyckryck its 25% of the Participation, as defined under the Settlement Agreement *less* a ten percent (10%) administration fee and *less* the amount that remains unrecouped to Plaintiff pursuant to the Wingspan/Hyckryck Agreement, i.e., $12,344.30.

42. Defendant BMG Rights has refused to pay Plaintiff the applicable 10% administration fee in connection with Hyckryck's Representative Interest of the Composition and has refused to pay Plaintiff the unrecouped amount due Plaintiff from Hyckryck's share of the Participation, all in breach of the administration provisions of the Settlement Agreement.

43. Defendant BMG's Rights failure to pay Plaintiff the administration fees in connection with the Gurley's and Hyckryck's Representative Interests and the failure to allow Plaintiff to recoup the Hyckryck's unrecouped balance, are also breaches of the Settlement Agreement by Defendant King Street.

## COUNT ONE
### ACTION FOR BREACH OF CONTRACT
### AGAINST DEFENDANT
### KING STREET

44. Plaintiff herein adopts and incorporates by reference all allegations set forth in paragraph "1" through "43" as if originally pleaded herein.

45. Defendant King Street, or its successor, has breached the Settlement Agreement by failing to:

    (a) Allow Plaintiff to conduct the Initial Audit;

    (b) Allow Plaintiff to conduct the 2010 Audit;

    (c) Preserve Plaintiff's audit rights with, respect to the prior administrators of the Composition, i.e., Warner Chappell and Sony ATV;

    (d) Pay Plaintiff 10% of Gurley's Representative Share of the earnings of the Composition.

    (e) Pay Plaintiff 10% of Hyckryck's Representative Share of the

earnings of the Composition; and

    (f)    Pay Plaintiff the unrecouped balance due Plaintiff from Hyckryck under the Collection Agreement.

46.    Plaintiff is entitled to terminate the terms of Paragraph 6 of the Settlement Agreement regarding administration rights based upon King Street's and BMG Rights' breach of contract.

47.    Plaintiff is entitled to damages in an amount to be determined at trial in connection with Defendant King Street's failure to pay Plaintiff 10% of Hyckryck's and Gurley's Representative Share of the earnings of the Composition.

48.    Plaintiff is entitled to damages in an amount to be determined at trial in connection with Defendant King Street's failure to allow Plaintiff to conduct the Initial Audit.

49.    Plaintiff is entitled to damages in an amount to be determined at trial in connection with Defendant King Street's failure to allow Plaintiff to conduct the 2010 Audit.

**COUNT TWO**
**BREACH OF CONTRACT**
**AGAINST DEFENDANT**
**BMG RIGHTS**

50.    Plaintiff herein adopts and incorporates by reference all allegations set forth in paragraph "1" through "49" as if originally pleaded herein.

51.    Defendant BMG Rights has breached the Settlement Agreement by failing to:

    (a)    Allow Plaintiff to conduct the Initial Audit;

    (b)    Allow Plaintiff to conduct the 2010 Audit;

    (c)    Pay Plaintiff 10% of Gurley's Representative Share of the earnings of the Composition.

    (d)    Pay Plaintiff 10% of Hyckryck's Representative Share of the earnings of the Composition; and

    (e)    Pay Plaintiff the unrecouped balance due Plaintiff from Hyckryck under the Collection Agreement.

52.    Plaintiff is entitled to terminate the terms of Paragraph 6 of the Settlement Agreement regarding administration rights.

53.    Plaintiff is entitled to damages in an amount to be determined at trial in connection with Defendant BMG Rights failure to pay Plaintiff 10% of Hyckryck's and Gurley's Representative Share of the earnings of the Composition.

54.    Plaintiff is entitled to damages in an amount to be determined at trial in connection with Defendant BMG Rights failure to allow Plaintiff to conduct the 2010 Audit.

## COUNT THREE
## FOR
## DECLARATORY JUDGMENT
## AGAINST DEFENDANT
## HYCKRYCK MUSIC PUBLISHING, INC.

55.    Plaintiff herein adopts and incorporates by reference all allegations set forth in paragraph "1" through "54" as if originally pleaded herein.

56.    Plaintiff seeks a declaration by this court that the Collection Agreement dated as of March 8, 2002 by and between Plaintiff and Hyckryck, as amended, is valid and legally enforceable accordance with its terms.

## COUNT THREE
## FOR
## DECLARATORY JUDGMENT
## AGAINST DEFENDANTS
## KING STREET AND BMG RIGHTS

57. Plaintiff herein adopts and incorporates by reference all allegations set forth in paragraph "1" through "56" as if originally pleaded herein.

58. Plaintiff seeks a declaration by this court that Paragraph 6 of the Settlement Agreement has been terminated due to King Street's and BMG Rights' breach of the administration provisions of the Settlement Agreement.

## COUNT FOUR
## FOR
## INDEMNIFICATION
## AGAINST DEFENDANTS
## KING STREET & BMG RIGHTS

59. Plaintiff herein adopts and incorporates by reference all allegations set forth in paragraph "1" through "58" as if originally pleaded herein.

60. Paragraph 9(F) of the Settlement Agreement entitles Plaintiff to indemnification for all liabilities, losses and damages, including reasonable attorney's fees, arising out of or connected with the Composition, or which are inconsistent with the warranties, representations, covenants and agreements made by Defendant King Street under the Settlement Agreement.

61. Defendants King Street and BMG Rights actions in refusing to allow Plaintiff to conduct the Initial Audit, failure to preserve Plaintiff audit rights with prior administrators, refusing to allow the 2010 Audit, refusing to pay Plaintiff the administration fees due under the Gurley/Wingspan Agreement and the Hyckryck/Wingspan Agreement, and refusing to allow Plaintiff to recoup amounts due

Plaintiff from Hyckryck under the Hyckryck/Wingspan Agreement, have caused Plaintiff damages, losses, and liabilities, including attorney's fees for this action, for which Plaintiff is entitled to indemnification.

**WHEREFORE**, Plaintiffs respectfully pray that this Court:

A.  Award Plaintiff damages of $250,000 for breach of contract against Defendant King Street for failure to allow Plaintiff to conduct the Initial Audit.

B.  Award Plaintiff damages of $100,000 for breach of contract against Defendant King Street and Defendant BMG Rights for failure to allow Plaintiff to conduct the 2010 Audit.

C.  Award Plaintiff damages of $25,000 for breach of contract against Defendant King Street and Defendant BMG Rights for failure to pay Plaintiff 10% of Gurley's and 10% of Hyckryck's Representative Share, as defined under the Settlement Agreement.

D.  Award Plaintiffs damages of $12,344.30 for breach of contract against Defendant King Street and Defendant BMG Rights for failure to pay Plaintiff the unrecouped balance under the Hyckryck Agreement.

E.  Award Plaintiff damages in connection with its indemnification claim against Defendants King Street and BMG Rights for attorneys' fees and costs.

F.  Declare that the provisions of Collection Agreement are valid and enforceable in accordance with its terms against Defendant Hyckryck.

G.  Declare that the provisions of Paragraph 6 (the Administration Provisions) of the Settlement Agreement are hereby terminated due to Defendant King Street's and BMG Rights' continued breach of the administration provisions of the

Settlement Agreement.

      H.     Such other relief as this Court deems just and proper.

### JURY DEMAND

PLAINTIFF DEMANDS A TRIAL BY JURY AS TO ALL LEGAL ISSUES RAISED HEREIN REGARDING LIABILITY OF THE DEFENDANTS.

DATED: March 21, 2012

Respectfully Submitted,

*/s/ Lita Rosario*

Lita Rosario, Esq.
1100 H Street, N.W., Suite 315
Washington, D.C. 20005
202-628-1101
lita.rosario@wyzgirl.com