UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WINGSPAN RECORDS, INC., <br><br> Plaintiff, <br><br> -against- <br><br> BMG RIGHTS MANAGEMENT (US) LLC, et al., <br><br> Defendants. | 1:12-cv-2172 (NRB) <br><br> **ELECTRONICALLY FILED** |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS
DAVID SIMONÉ AND WINSTON SIMONE'S MOTION TO DISMISS
OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

GEHRING & SATRIALE LLC
370 Lexington Avenue, Suite 1200
New York, New York 10017
(212) 400-7420
(212) 400-7440 (fax)

Attorneys for Defendants David Simoné and Winston Simone

**TABLE OF CONTENTS**

PLELIMINARY STATEMENT ........................................................................................... 1

STATEMENT OF FACTS ................................................................................................... 2

ARGUMENT .......................................................................................................................... 4

    POINT I
    STANDARDS GOVERNING THIS MOTION ...................................................... 4

    POINT II
    PLAINTIFF'S CONTRACTUAL CLAIMS FAIL
    AS A MATTER OF LAW ........................................................................................ 5

        A. David Simoné and Winston Simone were not parties to,
           and did not breach, the Settlement Agreement. ........................................... 5

        B. Plaintiff's Contractual Claims are Barred by
           the Statute of Limitations. ............................................................................. 7

    POINT III
    PLAINTIFF'S UNJUST ENRICHMENT CLAIM
    FAILS AS A MATTER OF LAW ............................................................................ 8

        A. Plaintiff's "Unjust Enrichment" Claim is Duplicative
           of Plaintiff's Breach of Contract Claim. ...................................................... 8

        B. Plaintiff's Unjust Enrichment Claim is Barred by
           the Statute of Limitations. ............................................................................. 9

CONCLUSION .................................................................................................................... 10

## TABLE OF AUTHORITIES

Bennett v. Wesley,
2013 WL 1798001 (S.D.N.Y. April 29, 2013) ...............................................................................4

Broder v. Cablevision Sys. Corp.,
418 F.3d 187 (2d Cir. 2006)..........................................................................................................4

Brown v. Brown,
12 A.D.3d 176 (1st Dep't 2004) ...................................................................................................8

HDR, Inc. v. Inernational Aircraft Parts, Inc.,
257 A.D.2d 603 (App. Div. 1999) ................................................................................................5

Hoeffner v. Orrick, Herrington & Sutcliffe LLP,
61 A.D.3d 614 (1st Dep't 2009) ...................................................................................................8

Inter Impex S.A.E. v. Comtrade Corp.,
2004 WL 2793213 (S.D.N.Y. Dec. 6, 2004) ................................................................................5

Kermanshah v. Kermanshah,
580 F. Supp. 247 (S.D.N.Y. 2007)................................................................................................9

Nechis v. Oxford Health Plans, Inc.,
421 F.3d 96 (2d. Cir. 2005)...........................................................................................................4

Oppenheimber & Co., Inc. v. TransEnergy, Inc.,
2013 WL 2302439 (S.D.N.Y. May 23, 2013) ..............................................................................5

Sang Lan v. Time Warner, Inc.,
2013 WL 1703584 (April 19, 2013) .............................................................................................9

Valentini v. Citigroup, Inc.,
837 F. Supp.2d 304 (S.D.N.Y. 2011)............................................................................................8

Wernick v. Federal Reserve Bank of New York,
91 F.3d 379 (2d Cir. 1996)............................................................................................................4

Western World Ins. Co. v. Stack Oil, Inc.,
922 F.2d 118 (2d Cir. 1990)..........................................................................................................4

Fed. R. Civ. P. 12............................................................................................................................3-4

Fed. R. Civ. P. 56...............................................................................................................................4

N.Y. C.P.L.R. § 213(2) ......................................................................................................................7

N.Y. Gen. Obl. L. § 50-701 ...............................................................................................................6

**PRELIMINARY STATEMENT**

Defendants David Simoné and Winston Simone respectfully submit this memorandum of law in support of their motion to dismiss the claims asserted against them by Plaintiff Wingspan Records, Inc. ("Plaintiff") pursuant to Rule 12 of the Federal Rules of Civil Procedure or, in the alternative, Rule 56 of the Federal Rules of Civil Procedure.

Plaintiff asserts three causes of action against David Simoné and Winston Simone in the Third Amended and Restated Complaint (the "Third Amended Complaint"), filed with the Court on September 24, 2013.[1]  The action is based on a Settlement Agreement signed by Plaintiff, Kingstreet Media (Music Publishing) 2, LLC, Hyckrck Music Publishing, Inc., A. Scott Brooks, Charles Fulp, Osbert Gurley, Rodriguez Amar, Robert Amar, and Anslem Douglas on or about January 26, 2006.  (Amended Complaint at ¶ 3; Settlement Agreement at 22-23).[2]  David Simoné and Winston Simone were not parties to the Settlement Agreement and did not sign the Settlement Agreement on behalf of any parties to the Settlement Agreement.

Count One asserts a cause of action for breach of contract, asserting that David Simoné and Winston Simone breached the Settlement Agreement "by failing to (a) "[a]llow Plaintiff to conduct the Initial Audit; and (b) [p]reserve Plaintiff's audit rights with, respect to the prior administrators of the Composition." (Third Amended Complaint ¶ 61).  Count Two asserts a cause of action for indemnification under paragraph 64 of the Settlement Agreement based on the alleged breach of contract.  (Third Amended Complaint ¶ 64).  Count Three asserts a cause of action for unjust enrichment "[a]s an alternative to Plaintiff's breach of contract claim." (Third Amended Complaint ¶ 70).

---

[1] A copy of the Third Amended Complaint is attached to the Declaration of Joseph E. Gehring, Jr. (the "Gehring Decl.") as Exhibit A.  A copy of the first Amended Complaint, dated October 16, 2012, which first named Mr. Simoné and Mr. Simone as defendants, is attached to the declaration as Exhibit B.  A copy of the Complaint commencing the action, dated March 23, 2012, is attached to the declaration as Exhibit C.

[2] The Settlement Agreement is attached to the Declaration of David Simoné (the "David Simoné Decl.") as Exhibit A.

Plaintiff's contractual claims fail as a matter of law.  As discussed above, neither David Simoné nor Winston Simone were parties to the Settlement Agreement and therefore cannot be liable under its provisions for breach or indemnification.  Further, to the extent Plaintiff seeks to hold David Simoné and Winston Simone (who had been employees of the predecessor of Defendant Kingstreet Media (Music Publishing) 2, LLC prior to the execution of the Settlement Agreement), their affiliation with the predecessor ended more than six years prior to the filing of the First Amended Complaint naming them as defendants in this action (and, in fact, more than six years prior to the filing of this action).  Plaintiff's unjust enrichment similarly fails as a matter of law, not only because it is barred by the statute of limitations but because it is duplicative of the breach of contract claims.  For these reasons, discussed below, Plaintiff's Third Amended Complaint should be dismissed as a matter of law.

## STATEMENT OF FACTS[3]

Plaintiff entered into a Settlement Agreement on or about January 26, 2006.  (First Amended Complaint at ¶ 3; Settlement Agreement).  The Settlement Agreement was between Plaintiff, Kingstreet Media (Music Publishing) 2, LLC, Hyckrck Music Publishing, Inc., A. Scott Brooks, Charles Fulp, Osbert Gurley, Rodriguez Amar, Robert Amar, and Anslem Douglas on or about January 26, 2006.  (Amended Complaint at ¶ 3; Settlement Agreement at 22-23).  Neither David Simoné nor Winston Simone signed the Settlement Agreement (on their own behalf or on behalf of anyone else), and neither agreed to be a party to the Settlement Agreement.  (David Simoné Decl. ¶ 2; Winston Simone Decl. ¶ 2; Settlement Agreement).

David Simoné and Winston Simone had been employees of Deston Songs LLC ("Deston Songs") and members (with others) of CSS Holdings, LLC ("CSS Holdings"), a part owner of

---

[3] References to the Declaration of David Simoné, dated May 30, 2013, are cited herein as "(David Simoné Decl. ¶ __)".  A copy of the Settlement Agreement is attached as Exhibit A thereto.  References to the Declaration of Winston Simone, dated May 30, 2013, are cited herein as "(Winston Simone Decl. ¶ __)".  References to the Declaration of Joel H. Weinstein, Esq., dated May 30, 2013, are cited herein as "(Weinstein Decl. ¶ __)".

Deston Songs. (David Simoné Decl. ¶ 3; Winston Simone Decl. ¶ 3). Their employment with Deston Songs terminated upon the sale of Deston Songs by CSS Holdings, Id., which was prior to the execution of the Settlement Agreement. (Weinstein Decl. ¶ 2).

Prior to the execution of the Settlement Agreement, Deston Songs had agreed to redeem the membership units held by the other owner of Deston Songs, and CSS Holdings agreed to simultaneously sell its membership units in Deston Songs to CFSC Capital Corp. X ("CFSC Capital"). (David Simoné Decl. ¶ 4). The Settlement Agreement was not executed until following the sale of Deston Songs by CSS Holdings to CFSC Capital. (Weinstein Decl. ¶ 2). At the time the Settlement Agreement was signed, David Simoné and Winston Simone were no longer affiliated with Deston Songs (David Simoné Decl. ¶ 2; Winston Simone Decl. ¶ 2), Deston Songs had become Kingstreet Media (Music Publishing) 2, LLC ("Kingstreet") (Weinstein Decl. ¶ 2), and the Settlement Agreement, which reflected this change, was signed on behalf of Kingstreet. (David Simoné Decl. ¶ 5; Weinstein Decl. ¶ 2).

All of the conduct alleged by Plaintiff in the Third Amended Complaint to be breaches of the Settlement Agreement or unjust enrichment occurred after the sale of Deston Songs and the termination of employment of David Simoné and Winston Simone by Deston Songs. (David Simoné Decl. ¶ 6; Winston Simone Decl. ¶ 4).

The Third Amended Complaint was filed on September 24, 2013. (Gehring Decl. Exhibit A). The First Amended Complaint was filed on October 16, 2012. (Gehring Decl. Exhibit B). The Complaint commencing this action was filed on March 23, 2012. (Gehring Decl. Exhibit C).

## ARGUMENT

### POINT I

### STANDARDS GOVERNING THIS MOTION

On a motion to dismiss pursuant to Rule 12(b)(6), a court may consider facts stated in the complaint, any documents attached to the complaint, and any documents incorporated by reference into the complaint.  Nechis v. Oxford Health Plans, Inc., 421 F.3d 96, 100 (2d. Cir. 2005).  Where the claim is for breach of contract, as here, the complaint is deemed to incorporate the alleged contract by reference because the alleged contract is intregral to the claim."  Broder v. Cablevision Sys. Corp., 418 F.3d 187, 196 (2d Cir. 2006).

Further, Rule 12(d) permits a court to convert the motion to one for summary judgment (and to consider additional materials) after giving the parties "a reasonable opportunity to present all the material that is pertinent to the motion."  "Exercise of such discretion will turn on 'whether or not the proferred material, and the resulting conversion from the Rule 12(b)(6) to the Rule 56 procedure, is likely to facilitate the disposition of the action."  Bennett v. Wesley, No. 11 Civ. 8715, 2013 WL 1798001, *2 (S.D.N.Y. April 29, 2013).

Under Rule 56, the moving party is entitled to summary judgment if the papers "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Wernick v. Federal Reserve Bank of New York, 91 F.3d 379, 382 (2d Cir. 1996).  The responding party "must set forth specific facts showing that there is a genuine issue for trial" and cannot "escape summary judgment merely by vaguely asserting the existence of some unspecified disputed material facts …or defeat the motion through mere speculation or conjecture."  Western World Ins. Co. v. Stack Oil, Inc., 922 F.2d 118, 121 (2d Cir. 1990).

## POINT II

## PLAINTIFF'S CONTRACTUAL CLAIMS FAIL AS A MATTER OF LAW

**A. David Simoné and Winston Simone were not parties to, and did not breach, the Settlement Agreement.** The Settlement Agreement is governed by New York law. (Settlement Agreement at 22). To establish a breach of contract under New York law, a plaintiff must show (1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) a breach of contract by the defendant, and (4) damages. Oppenheimber & Co., Inc. v. TransEnergy, Inc., No. 12 Civ. 4726, 2013 WL 2302439, *4 (S.D.N.Y. May 23, 2013). Plaintiff cannot show either (a) the existence of an agreement between Plaintiff and either David Simoné or Winston Simone or (b) any breach of contract by either David Simoné or Winston Simone.

First, there is no dispute that neither David Simoné nor Winston Simone entered into the Settlement Agreement. The Amended Complaint does not allege that either David Simoné or Winston Simone individually were parties to the Settlement Agreement or executed the Settlement Agreement (on their own or on anyone else's behalf). The Amended Complaint merely relies on a definition of "affiliate" in the Settlement Agreement to assert that David Simoné and Winston Simone are somehow individually bound to an agreement entered into by the successor of their former employer and which they did not themselves agree to enter into. A defendant cannot be liable for breach of contract where he or she is not a party to that contract. See Inter Impex S.A.E. v. Comtrade Corp., No. 00 Civ. 0133, 2004 WL 2793213, *4 (S.D.N.Y. Dec. 6, 2004) ("Without a contractual relationship, there can be no alleged breach."); HDR, Inc. v. Inernational Aircraft Parts, Inc., 257 A.D.2d 603, 604 (App. Div. 1999) ("The Supreme Court improperly denied that branch of the defendants' motion which was for summary judgment dismissing the first cause of action insofar as asserted against the defendants International Aircraft Parts, Inc. and Harry Kirschbaum. Neither of these defendants was a party to the

5

contract alleged to have been breached. As such, they cannot be bound by the contract.").[4]

Second, there is no dispute that neither David Simoné nor Winston Simone engaged in any conduct breaching the Settlement Agreement. The breach of the Settlement Agreement alleged by Plaintiff in its Third Amended Complaint is that Plaintiff was not allowed to conduct an audit. (Third Amended Complaint ¶ 61). The indemnification claim flows out of this alleged breach. (Third Amended Complaint ¶¶ 64-66). CSS Holdings had already sold Deston Songs to CFSC Capital, and the employment of both David Simoné and Winston Simone by Deston Songs had already been terminated by the time the Settlement Agreement was entered into and any of the conduct alleged by Plaintiff as breaches of the Settlement Agreement occurred. In fact, the Amended Complaint makes no allegation that either David Simoné or Winston Simone engaged in any conduct breaching the Settlement Agreement. Even if they somehow were deemed parties to the Settlement Agreement despite not actually being parties to the Settlement Agreement and never agreeing to enter into the Settlement Agreement, they cannot be liable (as affiliates of Kingstreet, as partners of Kingstreet, or otherwise) for breaching the Settlement Agreement unless they engaged in conduct breaching the Settlement Agreement. No such conduct by David Simoné and Winston Simone is alleged in the Third Amended Complaint.[5]

Because David Simoné and Winston Simone neither were parties to the Settlement Agreement nor engaged in any conduct that is alleged to have breached the Settlement

---

[4]   There is also no dispute that neither David Simoné nor Winston Simone signed the Settlement Agreement (which, by its terms, could not be performed within one year of its making) and therefore cannot be enforced against either David Simoné or Winston Simone. N.Y. Gen. Obl. L. § 50-701(a)(1) ("Every agreement, promise, or undertaking is void, unless it or some note or memorandum thereof be in writing, and subscribed by the party to be charged therewith, or by his lawful agent, if such agreement, promise, or undertaking [b]y its terms is not to be performed within one year from the making thereof".).

[5]   Plaintiff's allegation that David Simoné and Winston Simone were "affiliates" alters nothing. In fact, Plaintiff's argument, that all past and future owners of Kingstreet were themselves parties to the Settlement Agreement entered into by Kingstreet is not only nonsensical but irrelevant to this action. The definition of "affiliate" relied upon by Plaintiff states that "affiliate" includes "any person owning at least 25% or controlling at least 25% of any other person, presently or in the past or in the future." (Third Amended Complaint ¶ 26). Neither David Simoné nor Winston Simone owned or controlled at least 25% of Kingstreet (or its predecessor, Deston Songs). (David Simoné Decl. ¶¶ 3-4; Winston Simone Decl. ¶ 3).

Agreement, the claims against them must be dismissed as a matter of law.

**B. Plaintiff's Contractual Claims are Barred by the Statute of Limitations.** The Settlement Agreement is governed by New York law. (Settlement Agreement at 22). The statute of limitations for a breach of contract claim in New York is six years. N.Y. C.P.L.R. § 213(2). As discussed below, Counts One and Two are therefore untimely.

The Settlement Agreement was entered into on or about January 26, 2006. (David Simoné Exhibit A). Any connection with Deston Songs (the predecessor of Kingstreet) by David Simoné and Winston Simone ended prior to the execution of the Settlement Agreement. (David Simoné Decl. ¶ 2; Winston Simone Decl. ¶ 2; Weinstein Decl. ¶ 2).

Plaintiff alleges that the Settlement Agreement was breached because paragraph 4 of the Settlement Agreement required an Initial Audit to be conducted "within three (3) months of the execution hereof." (Third Amended Complaint ¶¶ 34, 61). That Initial Audit was therefore to be conducted by April 26, 2006, and a breach of contract claim against David Simoné and Winston Simone would have had to have been filed by April 26, 2012, to be timely.

Although the action was commenced on or about March 23, 2012, David Simoné and Winston Simone were not defendants in the original Complaint. (Gehring Decl. Exhibit C). Plaintiff did not assert any cause of action against David Simoné and Winston Simone (or any other alleged "affiliate") until it named them as defendants in the First Amended Complaint, filed on or about October 16, 2012. (Gehring Decl. Exhibit B). The contractual claims were therefore time-barred when filed against David Simoné and Winston Simone.

Even if the Third Amended Complaint alleged that either David Simoné or Winston Simone had engaged in any conduct that could constitute a breach the Settlement Agreement, the claim based on such conduct would be barred by the six-year limitations period and must be dismissed as a matter of law.

7

## POINT III

## PLAINTIFF'S UNJUST ENRICHMENT CLAIM FAILS AS A MATTER OF LAW

**A. Plaintiff's "Unjust Enrichment" Claim is Duplicative of Plaintiff's Breach of Contract Claim.** Plaintiff's "unjust enrichment" claim states that "As an alternative to Plaintiff's breach of contract claim, equity and good conscience militate against permitting [David Simoné or Winston Simone] from retaining the $251,321.00 that Plaintiff was entitled to receive, as the Initial Audit never took place and the Settlement Agreement was breached." (Third Amended Complaint ¶ 70) (emphasis added).  Plaintiff's unjust enrichment claim is expressly predicated on its untimely breach of contract claim, and is therefore duplicative of Plaintiff's breach of contract claim and fails as a matter of law.  Hoeffner v. Orrick, Herrington & Sutcliffe LLP, 61 A.D.3d 614, 615 (1st Dep't 2009) ("Plaintiff's promissory estoppel and unjust enrichment claims are duplicative of his breach of contract claim, since he alleges no duty owed him by defendants independent of the contract."); Brown v. Brown, 12 A.D.3d 176, 176 (1st Dep't 2004) ("Plaintiff's allegations of breach of contract are not salvaged by his assertion of partial performance, and his claims for promissory estoppel, unjust enrichment and fraud are precluded by the fact that a simple breach of contract claim may not be considered a tort unless a legal duty independent of the contract – i.e., one arising out of circumstances extraneous to, and not constituting elements of, the contract itself – has been violated."); see also Valentini v. Citigroup, Inc., 837 F. Supp.2d 304, 331 (S.D.N.Y. 2011) ("Plaintiffs have not identified any duty, independent of the contract, that Defendant violated when they allegedly charged excessive commissions and margin interest and were as a result unjustly enriched. Accordingly, the unjust enrichment claim must be dismissed.").

Simply put, Plaintiff cannot resurrect an untimely breach of contract claim by restating it as an unjust enrichment claim.  The only duty to Plaintiff alleged in the Third Amended

Complaint arises from the Settlement Agreement itself, and the unjust enrichment claim itself is alleged to exist only because "the Initial Audit never took place and the Settlement Agreement was breached." The unjust enrichment claim fails as a matter of law and should be dismissed.

**B. Plaintiff's Unjust Enrichment Claim is Barred by the Statute of Limitations.**

Plaintiff seeks "damages of $251,231.00 for unjust enrichment" (the same amount it seeks as "damages [] for breach of contract"). (Third Amended Complaint at 13). The limitations period for unjust enrichment claims is "three years where the plaintiff claims monetary relief." Sang Lan v. Time Warner, Inc., 2013 WL 1703584, *12 (April 19, 2013); see also Kermanshah v. Kermanshah, 580 F. Supp. 247, 263 (S.D.N.Y. 2007) ("The unjust enrichment limitations period, however, is three years if plaintiff seeks monetary damages."). The events underlying the proposed "unjust enrichment" claim occurred in 2006; this action was first filed in March 2012, David Simoné and Winston Simone were named as defendants in October 2012, and the Third Amended Complaint alleging unjust enrichment was not filed until 2013. The proposed "unjust enrichment" claim is therefore time-barred.[6]

For these reasons, Plaintiff's unjust enrichment claim fails as a matter of law and should be dismissed in its entirety.

---

[6] Even if the six-year limitations period applied, the proposed "unjust enrichment" claim nevertheless would be time-barred for the same reasons as the breach of contract claims. (See infra at 6-7).

## CONCLUSION

For the foregoing reasons, Defendants David Simoné and Winston Simone respectfully requests that their motion to dismiss or, in the alternative, motion for summary judgment, be granted in its entirety.

Dated: October 11, 2013

                GEHRING & SATRIALE LLC

By:     s/                             
      Joseph E. Gehring, Jr.

      370 Lexington Avenue, Suite 1200
      New York, New York 10017
      (212) 400-7420
      (212) 400-7440 (fax)
      jgehring@GTSLaw.com
      Attorneys for Defendants
      David Simoné and Winston Simone